# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BENTLEY,<br><br>        Petitioner,<br><br>        v.<br><br>RICK RACKLEY, Warden<br><br>        Respondent. | Case No. 2:17-cv-00901-JVS (SK)<br><br>**ORDER DISMISSING PETITION** |

    Petitioner, a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on January 27, 2017. (ECF No. 1). Petitioner was convicted of second-degree robbery in 1996, after which he was denied both state and federal post-conviction relief. (ECF Nos. 1, 2, 14). He recently filed another habeas petition in California state court seeking resentencing under California Penal Code § 1170.18, which the state court denied on December 14, 2016, because Petitioner's underlying crimes were not among the "enumerated felonies" eligible for resentencing under § 1170.18. (ECF No. 1, 9). Petitioner now alleges that he was denied his right to counsel during his most recent state habeas proceedings because he lacked legal representation. (ECF No. 9). This claim does not entitle Petitioner to federal habeas relief, however, because the U.S.

Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Rather, the Supreme Court has repeatedly made clear "that the right to appointed counsel extends to the first appeal of right, and no further." *Id.* at 555-57.  Therefore, because "it plainly appears from the face of the petition . . . that petitioner is not entitled to relief," L.R. 72-3.2, the Petition is hereby DISMISSED.[1]  Judgment dismissing this action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED:  March 24, 2017

HON. JAMES V. SELNA
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE

---

[1] In addition, there is no indication that Petitioner exhausted his claim in state court, which would provide a separate and independent basis for dismissal. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Nonetheless, the Court may deny an unexhausted petition on the merits if, as in this case, "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005) (citing 28 U.S.C. § 2254(b)(2)).